VOORHEES, MILLER & CO. vs. STEAMBOAT "EUREKA," Appellant.

1. Supplies furnished a boat, on the order of the steward, engineer, or mate, with the knowledge or consent of the master, constitute a valid demand against the boat.

## APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

Voorhees, Miller & Co., appellees, brought suit below against the appellant for $865 06, for stores and supplies furnished appellee, while used in navigating the waters of Missouri under the statute relating to boats and vessels. The supplies and stores were alleged in the complaint to have been furnished on account of James L Sargent and Samuel Hart, the masters thereof. The evidence proved the appellees had furnished the supplies, set forth in the complaint, to the appellant; that they were obtained and sent down to the boat by the directions of the steward, mate and engineers—each of these officers directing these articles to be used on the boat in his particular department of service, and the master, Sargent, was often in the store when the steward, engineer and mate were getting the articles and made no objections to it. The appellees here closed their case, and the appellant asked the instruction hereafter following, marked A, which the court refused. Appellant then introduced one of the appellees, Voorhees, who, among other things testified, on cross-examination, that all the supplies were obtained at the request of Sargent & Hart, aforesaid—specially made at different times; upon the close of the whole case, the court gave instruction B. To the refusal of the court to give the first, and giving the last upon its own motion, appellant excepted—moved for a new trial—overruled—appealed to this court.

A. Plaintiffs are not entitled to recover in this action, for any articles ordered by the mate, engineer or pilot of defendant. The plaintiff alleges in his complaint that the said cause of action accrued on account of James T. Sargent and Samuel Hart, the masters of said defendant, and proof that the articles were furnished to defendant on the order of the steward, mate and engineer does not sustain the allegation in the plaintiff's complaint to authorize the jury to find for the plaintiff, for such things as were furnished to the steward, mate and engineer.

B. The plaintiffs are entitled to recover in this action for so much of their demand as accrued on account of James T. Sargent and Samuel Hart, masters of the steamboat "Eureka," provided that the jury believe from the evidence that so much of the demand is correct and due to the plaintiffs. Supplies furnished the boat on the order of the steward, engineer or mate, with the knowledge or consent of the master thereof, according to the custom of the trade, furnished valid demand against the boat under the complaint in this case, and the jury must be satisfied from the evidence that so much of the supplies included in the account sued on as was furnished on the orders of the mate, engineer and steward were so furnished with the knowledge or consent of said masters, according to the custom of the trade, before they can find for that portion of the supplies set out in this action.

### Hart, for appellant.

1st. The evidence went clearly to show that the stores and supplies furnished to the boat were, upon the mate's, steward's and engineer's order, and not upon the order of the masters, Sargent and S. Hart, and the court below ought to have instructed the jury as asked by defendant.

2d. The statute requires that the complaint shall set forth on whose account the cause of action accrued. This is no doubt a material averment, and must be proved as laid. The appellant contends that the fact that James T. Sargent or Samuel Hart, or both, *knew* that the master, steward and engineer of the steamboat Eureka ordered and received the stores and supplies from the plaintiffs, or gave their consent that said mate, steward and engineer might get the same from plaintiff. does not sustain the fact that the supplies were furnished on account of Sargent and Hart. Act concerning boats and vessels, Rev. C., chapter 20, sec. 4.

3. The instruction given by the court below, as to the custom of the trade allowing the jury to find for the plaintiff for stores and supplies furnished on the order of the mate, steward or engineer, by the knowledge or consent of the masters of said defendant, was erroneous, as there is no evidence in the case about the custom of the trade; and whether the master (Sargent) knew that the steward, mate and engineer were getting supplies from plaintiffs for the use of the boat or not, does not amount to a demand on account of S. & H. for there is no evidence that Hart ever knew or consented that the steward, mate or engineer were getting supplies from plaintiffs for the use of the boat or not, does not amount to a demand on account of Sargent & Hart; for there is no evidence that Hart ever knew or consented to such purchases being made. The appellant contends that if the mate, steward or engineer ordered the supplies from the plaintiffs in their particular capacities necessary for the use of said boat, the complaint must so allege the fact, and the knowledge or consent of the master to such purchases of the mate, steward or engineer, does not change the necessity of alleging the fact that said action accrued on account of said steward, mate and engineer.

HALL, for appellees.

The court committed no error in refusing the instructions asked by the appellant at the conclusion of appellee's case. There was evidence to show that the goods obtained, although ordered by the steward, engineer and mate, were yet obtained with the knowledge, consent and directions of the captain. The two witnesses of appellees both say the captain was present in the store when the articles were ordered and taken away. The court could not there do otherwise than refuse the broad unqualified proposition of appellant.

RYLAND, J., delivered the opinion of the court.

From the above statement it will be seen that the principal grounds of complaint consist in the acts of the court below in refusing the first instruction set forth above on the part of the defendant below, the appellant here; and in giving the second instruction set forth above on its own motion.

The demand of the plaintiffs below was fully proved, as appears by the evidence preserved in their bill of exceptions.

The articles were got by the steward, mate and engineer of the boat; they were such as were commonly used by these officers in their respective services on boats. The captain was frequently in the store of the appellees when the mate, engineer and steward were engaged in getting the articles; and he did not object to their getting the articles. The plaintiffs below were engaged in furnishing boat stores—most of the

articles of the account were got by the steward. The articles were delivered to the boat on the wharf at St. Louis.

When the plaintiffs closed their case, the defendant asked the above instruction, (marked A,) in the statement.

The court refused to give it, and this is one of the errors relied on by the appellants for reversal of the judgment below.

The account containing a list of the articles furnished the boat is annexed to the petition; the petition alleges that the demand against the boat accrued on account of James T. Sargent and Samuel Hart, masters of said boat.

The defendant contends that as the articles were furnished to the boat, on the immediate application of the subordinate officers of the boat, there was a failure to prove the articles were furnished to the boat on account of the masters as alleged, and that therefore the instruction should have been given. But I do not agree with the defendant below in this rigid construction of the petition or the statute; those articles might well have been furnished the boat, although chosen and selected and laid aside by the steward, or by the mate, or by the engineer, *on account* of the masters of said boat; and whether the articles were so furnished on account of the masters, was a matter for the jury to determine; and this they could find from such circumstances as the presence of the master, during the purchase; his supposed consent to the purchase—his knowledge of such purchase and his failure to dissent or countermand the same. The court therefore committed no error in refusing to give the instruction. When the defendant called the witness, Voorhees to the stand, it becomes plain at once that such an instruction would have been greatly injurious to the rights of the plaintiff. For this witness proves beyond doubt, that the account was furnished to the Eureka by request of the master, James T. Sargent, although the mate, steward and engineer got the articles. It is true, when the plaintiffs closed their case, there was no positive evidence of this fact, but it was a fact that might, from the circumstances in proof, be fairly inferred by an intelligent jury.

The instruction which the court gave put the facts of the case plainly before the jury, and I find no fault with it. The defendant below complains that this instruction was wrong, because there was no proof of any custom of trade allowing articles got on order of steward, mate or engineer, by the knowledge of the master, to be charged as goods purchased on account of the master.

There was no necessity to say anything about custom of trade in this case. The testimony of Voorhees, who was produced as a witness by

the defendant, clearly shews that these articles were furnished at the request of the master, Sargent; and the court might have given a more pointed and direct instruction; but then I am unable to see any injurious effect the instruction given could have had against the defendant below. Upon the whole record, I have no doubt that justice has been done the defendant below—and the only cause of complaint made before us partakes too strongly of rigid technicality to require anything more at our hands than an affirmance of the judgment below.